IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MICHAEL BONARRIGO, et al., | : | No. 1:13-cv-02705 |
|     Plaintiffs | : | |
| | : | No. 1:13-ap-00222 |
| v. | : | |
| | : | (Judge Kane) |
| LEXISNEXIS RISK SOLUTIONS | : | |
| FL, INC., et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiffs' motion to withdraw the reference to the bankruptcy proceeding associated with the above-captioned civil action, and transfer the case to this Court. (Doc. No. 1.) Additionally, the parties jointly move for an extension of time to respond to Plaintiffs' adversarial complaint once the Court issues an order on Plaintiffs' pending motion to withdraw. (Doc. No. 3.) For the reasons that follow, the Court will deny Plaintiffs' motion to withdraw, and thus decline to exercise jurisdiction over the parties' motion for an extension of time.

**I.  BACKGROUND**

On July 17, 2013, Plaintiffs Michael and Tracey Bonarrigo filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania. In Re Michael and Tracey Bonarrigo, No. 13-bk-03685-MDF (Doc. No. 1). On September 19, 2013, Plaintiff Tracey Bonarrigo also filed an adversarial complaint in the Bankruptcy Court, seeking damages against Defendants LexisNexis Risk Solutions FL, Inc., and yet-to-be-named corporations for their alleged violations of the Fair Credit Reporting Act (FCRA) and the Fair and Accurate Credit Transaction Act (FACTA). In Re Michael and Tracey

1

Bonarrigo, No. 13-ap-00222 (Doc. No. 1).  In their complaint, Plaintiffs allege that Defendant LexisNexis, a consumer reporting agency, sent Plaintiff Tracey Bonarrigo a copy of her consumer report in which Defendant failed to make certain mandatory disclosures concerning Plaintiff's rights under the FCRA.  (Id. ¶ 30.)  Plaintiffs allege that Defendant LexisNexis also violated the FCRA by misrepresenting to consumers that it is not a consumer reporting agency.  (Id. ¶ 25, ¶ 30.)  Finally, Plaintiffs allege that Defendant LexisNexis violated FACTA by failing to redact the first five digits of Plaintiff Tracey Bonarrigo's social security number on her consumer report, despite her written request to do so.  (Id. ¶¶ 50-51.)

On November 5, 2013, Plaintiffs moved the Court to withdraw the reference to the bankruptcy proceeding with respect to their adversarial complaint, and transfer the action to the United States District Court for the Middle District of Pennsylvania.  (Doc. No. 1.)  In support, Plaintiffs assert that a portion of the proceeds from this case may be construed as an asset of the bankruptcy estate, and, that the case is likely to proceed to jury trial.  (Id. ¶¶ 5-6.)  Plaintiffs indicate that opposing counsel and the trustee assigned to the bankruptcy estate have both concurred in their motion to withdraw.  (Id. ¶¶ 7-8.)  On December 22, 2013, the parties jointly submitted a motion for an extension of time to respond to Plaintiffs' adversarial complaint pending the Court's decision on Plaintiffs' motion to withdraw.  (Doc. No. 3.)

**II.      DISCUSSION**

The district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  By standing order, the United States District Court for the Middle District of Pennsylvania has referred all cases arising under Title 11 to the Bankruptcy Court.  In re: Referral of Bankruptcy

Matters, Misc. No. 84-203; see 28 U.S.C. § 157(a). Once a matter has been referred to the Bankruptcy Court, the district court may subsequently withdraw the referred matter and exercise jurisdiction over the action on either voluntary or mandatory grounds. Section 157(d) reads as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of a party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution requires consideration of both Title 11 and other laws of the United States regulating organizations or activitives affecting interstate commerce.

28 U.S.C. § 157(d).

### A. Mandatory withdrawal

Withdrawal is mandatory "only if the court . . . can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce." In re Saint Mary Hosp., 115 B.R. 495, 497 (E.D.Pa. 1990) (citation and quotation marks omitted). Precisely where the "substantial and material consideration" line falls is open to dispute. As noted by the United States District Court for the Southern District of New York, it would "seem incompatible with congressional intent to provide a rational structure for the assertion of bankruptcy claims to withdraw each case involving the straightforward application of a federal statute to a particular set of facts." In re Johns-Manville Corp., 63 B.R. 600, 602 (S.D.N.Y. 1986).[1] Thus, mandatory

---

[1] The mandatory withdrawal provision is "not an escape hatch through which most bankruptcy matters will be removed to the district courts." In re White Motor Corp., 42 B.R. 693, 704 (N.D. Ohio 1984). Instead, it should be used only when it is "absolutely necessary under the circumstances" and not where the withdrawal motion is based on speculation about federal issues which may or may not arise in the proceedings. In re Saint Mary Hosp., 115 B.R. at 497 (collecting cases).

withdrawal is only required when the case involves "significant <u>interpretation</u> of federal laws that Congress would have intended to have decided by a district judge rather than a bankruptcy judge." <u>Id.</u>; <u>see also</u> <u>In re Quaker City Gear Works, Inc.</u>, 128 B.R. 711, 714 (E.D.Pa. 1991) ("Because the 'shall' provision of § 157(d) is to be read narrowly, withdrawal of reference is denied where only routine application of established legal standards is called for or when it is not clear that application and interpretation of statutes other than the Bankruptcy Code will be necessary to resolve the case.").

Plaintiffs do not specify in their motion whether they are moving for mandatory or voluntary withdrawal. Nor do Plaintiffs offer any arguments on whether their adversarial complaint would require the Bankruptcy Court to engage in "significant <u>interpretation</u> of federal laws." Rather, Plaintiffs state only that the case "involves issues of federal law under 15 USC 1681 et. seq., not related to the Bankruptcy proceeding," and that the Bankruptcy Court "may elect to exercise jurisdiction over the case, or the case may be referred to the United States District Court for the Middle District of Pennsylvania." (Doc. No. 1 ¶ 3.) Having reviewed Plaintiffs' adversarial complaint, which sets forth straightforward statutory claims under the FCRA and FACTA, the Court finds that Plaintiffs' claims call only for "routine application of established legal standards." <u>See</u> <u>In re Quaker City Gear Works, Inc.</u>, 128 B.R. at 714. Thus, at this time, the Court finds that Plaintiffs have not established that their complaint requires mandatory withdrawal pursuant to Section 157(d). <u>See</u> <u>id.</u>

**B.     Discretionary withdrawal**

Even if the grounds for mandatory withdrawal are not present, a district court may, "on its own motion or on timely motion of any party, for cause shown," withdraw the action. 28

4

U.S.C. § 157(d). The movant bears the burden to show cause. In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996). Although the statute does not define "for cause shown," the United States Court of Appeals for the Third Circuit has set forth five factors that a district court should consider when deciding whether "cause" exists for discretionary withdrawal: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) the timing of the withdrawal request. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

One additional factor for consideration is whether the parties have requested a jury trial. In re NDEP Corp., 203 B.R. at 908 (citation and quotation marks omitted). When the right to a jury trial applies to a proceeding over which the bankruptcy judge may have jurisdiction, such jurisdiction is contingent on a designation to exercise the same by the district court and requires "the express consent of all the parties." 28 U.S.C. § 157(e). A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made an at early stage of the proceedings and dispositive motions may resolve the matter. In re Appoline.Com, Inc., 303 B.R. 723, 728 (E.D.N.Y. 2004); see also In re Am. Capital Equipment, LLC, 325 B.R. 372, 375 (W.D.Pa. 2005) ("[A]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the bankruptcy court, is not of itself sufficient cause to justify discretionary withdrawal.") (citation omitted).

Finally, a district court must consider whether the action sought to be withdrawn is a core or non-core proceeding. 28 U.S.C. § 157(b)(1). Although the bankruptcy courts have jurisdiction over both core and non-core matters, the bankruptcy court may issue final orders and judgments only when adjudicating core matters. Id. When adjudicating non-core matters, the

5

bankruptcy court may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. § 157(c)(1). A proceeding is considered to be core if it "invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." CoreStates Bank v. Huls, 176 F.3d 187, 196 (3d Cir. 1999) (citation and quotation marks omitted).

At this juncture, the Court finds that Plaintiffs have not sufficiently demonstrated that "cause" exists that would support withdrawing the bankruptcy reference and transferring this case to the district court. Plaintiffs appear to cite two grounds favoring transfer in their motion: (1) a portion of the proceeds from this case may be construed as an asset of the bankruptcy estate; and (2) the case is likely to proceed to trial. (Doc. No. 1.) Having reviewed Plaintiffs' adversarial complaint and the motion to withdraw, the Court finds that the Bankruptcy Court should continue to exercise jurisdiction over this action. At this point, the Bankruptcy Court has familiarized itself with the parties and the disputes, and is therefore better equipped then the Court to manage issues related to discovery and any potential settlement discussions. Moreover, enabling the Bankruptcy Court to continue to preside over this case will ensure uniformity and expeditiousness, reduce any potential confusion the Court may interject into this case by withdrawing the reference, and preserve the parties' resources. See MicroBilt Corp. v. Fidelity Nat. Information Serv., 2012 WL 4955267, at *4 (D.N.J. Oct. 16, 2012) (citation and quotation marks omitted).

Although the Court is cognizant of Plaintiffs' concern that the Bankruptcy Court cannot adjudicate its adversarial complaint, presumably because it involves a "non-core" proceeding,

6

the Court finds that it is not necessary to decide that issue at this time. Plaintiffs have not offered any arguments on whether the proceeding is core or non-core, and, even if the Court must ultimately preside over the trial in this matter, the Bankruptcy Court is currently in the best position to resolve motions and discovery disputes until such time as the case is ready for trial. In Re Chet Decker, Inc., 2006 WL 3019663, at *3 (D.N.J. Oct. 23, 2006) (citation and quotation marks omitted); see also Formica Corp. v. Riddick, 305 B.R. 147, 150 (S.D.N.Y. 2004) ("While the plaintiff has a right to a jury trial, such a right does not compel withdrawing the reference until the case is ready to proceed to trial."). Plaintiffs have therefore failed to articulate the "cause shown" that would merit discretionary withdrawal. Thus, the Court will deny Plaintiffs' motion to withdraw the reference without prejudice to Plaintiffs' ability to renew the motion at a later time. Because this case shall remain with the Bankruptcy Court, the Court will also decline to exercise jurisdiction over the parties' joint motion for an extension of time and remand that motion to the Bankruptcy Court. An order consistent with this memorandum follows.